Tim D. Wackerbarth, WSBA No. 13673
Andrew G. Yates, WSBA No. 34239
Katie Bass, WSBA No. 51369
LANE POWELL PC
1420 Fifth Avenue, Suite 4100
Seattle, Washington 98101-2338
Telephone: 206.223.7000
Facsimile: 206.223.7107
wackerbartht@lanepowell.com
yatesa@lanepowell.com
bassk@lanepowell.com

*Attorneys for Defendant New York Life Insurance Company*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LORRAINE LYONS, <br><br> Plaintiff, <br><br> v. <br><br> NEW YORK LIFE INSURANCE COMPANY, <br><br> Defendant. | Case No. 22-03070 <br><br> **NOTICE OF REMOVAL TO FEDERAL COURT** |

## NOTICE OF REMOVAL

Defendant New York Life Insurance Company ("Defendant" or "NYL"), through its undersigned counsel, hereby provides notice pursuant to 28 U.S.C. §§ 1441 and 1446 of the removal of the above-captioned case from the Superior Court of Washington for Klickitat County, where it is now pending at Case No. 22-2-00091-20 (the "Underlying Action"), to the United States District Court for the Eastern District of Washington. In support of this Notice of Removal, Defendant states as follows:

NOTICE OF REMOVAL TO FEDERAL COURT- 1

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

021670.0109/8968310.1

## I. PROCEDURAL BACKGROUND

1. On April 20, 2020, Plaintiff Lorraine Lyons ("Plaintiff" or "Lyons") filed a complaint in the Southern District of New York ("SDNY"), bearing Case No. 20-cv-03120 (the "SDNY Action"), alleging sex and age discrimination, unequal pay on the basis of gender, and retaliation under Title VII of the Civil Rights Act of 1964 ("Title VII"), the Age Discrimination in Employment Act ("ADEA"), the federal Equal Pay Act ("EPA"), the Washington State Law Against Discrimination ("WLAD"), the Washington State Equal Pay and Opportunities Act ("WEPA"), the New York State Human Rights Act ("NYSHRL"), and the New York City Human Rights Law ("NYCHRL"). Plaintiff amended her Complaint on August 20, 2020 to remove the NYSHRL and NYCHRL claims. *See* SDNY Case No. 20-cv-03120 Docket, Dkt. No. 15.

2. On August 16, 2021, the SDNY dismissed with prejudice, upon Joint Stipulation of the parties: Plaintiff's sex discrimination and retaliation claims under Title VII, Plaintiff's sex discrimination and retaliation "based on sex" claims under the WLAD, Plaintiff's EPA claims, and Plaintiff's RCW 49.58.020 WEPA claims. *See* SDNY Case No. 20-cv-03120, Dkt. No. 59, and Declaration of Tim Wackerbarth ("Wackerbarth Decl."), Ex. A.

3. On March 21, 2022, the SDNY dismissed Plaintiff's federal age discrimination and retaliation claims under the ADEA with prejudice and declined to exercise its supplemental jurisdiction over Plaintiff's remaining state law claims, dismissing Plaintiff's state law claims without prejudice to her right to re-file. *See* SDNY Case No. 20-cv-03120 Docket, Dkt. No. 169, and Wackerbarth Decl., Ex. B.

NOTICE OF REMOVAL TO FEDERAL COURT- 2

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

021670.0109/8968310.1

4.  On April 19, 2022, Lyons filed a complaint (the "Complaint") in the Superior Court of Washington for Klickitat County, bearing Case No. 22-2-00091-20 (the "State Court Action").  Wackerbarth Decl., Ex. C.

5.  Pursuant to 28 U.S.C. 1446(a), a copy of the Docket Sheet in the Underlying Action is attached to the Wackerbarth Decl. as Ex. D.  Defendant was served with the Summons and the Complaint on April 29, 2022.  Wackerbarth Decl. Ex. E.

## II.  REMOVAL IS TIMELY

6.  This Notice of Removal is timely because it is filed within thirty (30) days of the date the Complaint was received by Defendant through means other than service of summons.  *See* 28 U.S.C. § 1446(a) ("The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter").

7.  Additionally, this Notice is timely because it is filed within one year after commencement of the underlying State Court Action.  *See* 28 U.S.C. § 1446(c)(1).

## III.  REMOVAL IS PROPER PURSUANT TO 28 U.S.C. § 1441(b)

8.  Defendant seeks removal of this action pursuant to 28 U.S.C. § 1441(b) on the ground that the above-captioned matter is a civil action over which this Court has original diversity jurisdiction under 28 U.S.C. § 1332.

NOTICE OF REMOVAL TO FEDERAL COURT- 3

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000  FAX: 206.223.7107

021670.0109/8968310.1

9. This Court has original jurisdiction pursuant to 28 U.S.C. § 1332 because Defendant and Plaintiff are citizens of different states and the amount in controversy alleged in the Complaint exceeds $75,000.00, exclusive of interest and costs.[1]

A. **The Amount in Controversy Requirement is Satisfied.**

10. As the Supreme Court has recognized, a defendant's notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 553 (2014); *see also id.* ("[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court").

11. In her Complaint, Plaintiff seeks various forms of monetary relief. While Plaintiff does not specify the amount of damages she seeks to recover, and Defendant categorically denies any liability associated with Plaintiff's alleged claims, even a conservative, good-faith estimate of the alleged damages placed at issue through her claims makes clear that the amount in controversy exceeds $75,000.

12. Based on Plaintiff's base salary ($90,000) at the time of her separation from employment with NYL in October 2018, without including any alleged lost incentive compensation, Plaintiff's alleged economic damages alone meet the jurisdictional minimum,

---

[1] This Notice of Removal addresses the alleged nature and amount of damages placed at issue by Plaintiff's Complaint. Defendant's reference to alleged damages amounts and their citation to comparable cases are provided solely for the purpose of establishing that the amount in controversy is more likely than not in excess of the jurisdictional minimum. Defendant maintains that Plaintiff's claims are without merit and that Defendant is not liable to Plaintiff. Defendant specifically denies that Plaintiff has suffered any damage as a result of any act or omission by Defendant. No statement or reference contained herein shall constitute an admission of liability or a suggestion that Plaintiff will or could actually recover any damages amounts based upon the allegations contained in the Complaint or otherwise.

NOTICE OF REMOVAL TO FEDERAL COURT- 4

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

021670.0109/8968310.1

even before considering Plaintiff's alleged compensatory damages, for "mental anguish, emotional distress, feelings of diminished self-worth, and other compensable injuries," "reasonable attorney's fees," "costs and expenses," "A *Blaney* tax gross-up," and "pre-judgment interest." *See* SDNY Case No. 20-cv-03120 Docket, Dkt. No. 71, and Wackerbarth Decl., Ex. F, ¶28.

13.  Specifically, in the Complaint, Plaintiff seeks backpay, front pay, lost benefits and a *Blaney* tax gross-up to compensate for any tax consequences from an economic damages award. Plaintiff was terminated on October 1, 2018. As such, considering only Plaintiff's last base salary with NYL, Plaintiff's alleged backpay alone for the period of time between October 1, 2018 and the time of removal is approximately $325,000, well over the $75,000 threshold.

14.  Moreover, Plaintiff seeks an unspecified amount of front pay, such that her claim for alleged lost wages necessarily exceeds $75,000. *See Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 416 (9th Cir. 2018) (finding that where backpay amount did not exceed $75,000 for plaintiff making $39,000 a year, plaintiff sought damages for loss of future earnings and therefore, plaintiff's claim for past and future lost wages exceeded $75,000, "even before factoring in non-economic and punitive damages, attorneys' fees or other relief").

15.  In fact, Plaintiff's economic damages expert in the SDNY Action reported that he calculated her alleged economic damages to be approximately two million dollars. *See* Wackerbarth Decl., Ex. G.

16.  Finally, Plaintiff seeks unspecified amounts of "compensatory damages" for "interruption of her career path, lost promotions, mental anguish, emotional distress, feelings of diminished self-worth and other compensable injuries" and "reasonable attorney's fees as is

NOTICE OF REMOVAL TO FEDERAL COURT- 5

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

021670.0109/8968310.1

permitted under the law," which are reasonably likely to increase the amount in controversy to exceed $75,000. *see J Bells LLC v. Sentinel Insurance Company Ltd*, 2020 WL 5905199, *2 (W.D.Wa. 2020) ("In calculating the amount in controversy, the Court looks not only to the amount of damages in dispute, but also to attorney's fees, costs, and statutory treble damages."); *see also Conti v. Corp. Servs. Grp., Inc.*, 30 F. Supp. 3d 1051, 1083 (W.D. Wash. 2014), *aff'd*, 690 F. App'x 473 (9th Cir. 2017) (awarding $433,000 in attorney's fees to Plaintiff who prevailed on a single-plaintiff WLAD claim, after an initial request for $1.4 million in attorneys' fees).

17. As such, taking Plaintiff's alleged damages together—but without conceding that she is entitled to any relief at all—the amount placed in controversy by her claims surpasses $75,000, making removal proper under 28 U.S.C. §§ 1332.

B.   **Diversity of Citizenship Exists.**

18. "An individual is a citizen of the state in which he or she is domiciled." *Winters v. Farmers Ins. Co.*, 886 F.2d 334 (9th Cir. 1989). Citizenship is determined by the individual's domicile at the time the lawsuit is filed. *See Armstrong v. Church of Scientology Intern.*, No. 98-17024, 2000 WL 1681004, at *1 (9th Cir. Nov. 8, 2000) ("For purposes of diversity jurisdiction, an individual is a citizen of his or her state of domicile, which is determined at the time the lawsuit is filed.").

19. While residence alone is not the equivalent of citizenship, place of residence is evidence of domicile there. *See Elkharwily v. Kaiser Permanente*, No. C20-5505 BHS, 2020 WL 5700831, at *2 (W.D. Wash. Sept. 24, 2020) ("[T]he courts have held that the

NOTICE OF REMOVAL TO FEDERAL COURT- 6

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

021670.0109/8968310.1

determination of an individual's domicile involves a number of factors [including] current residence[.]"); *see also Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986) (same).

20. In her Complaint, Plaintiff alleges that she is a citizen of Klickitat County, Washington State. *See* Compl. ¶ 3.2. This allegation plausibly demonstrates Plaintiff is a citizen of Washington.

21. Defendant New York Life Insurance Company is a New York mutual insurance company with its principal place of business in the State of New York. *Montrose Chem. Corp. of California v. Am. Motorists Ins. Co.*, 117 F.3d 1128, 1134 (9th Cir. 1997) ("To identify a corporation's citizenship for purposes of diversity jurisdiction, a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business'"), citing 28 U.S.C. § 1332(c)(1). *See* Wackerbarth Decl., Ex. H; *see also* Compl. ¶ 3.2 (stating that Defendant is domiciled in the State of New York).

22. Defendant is therefore a citizen of states different than Plaintiff, and complete diversity exists under 28 U.S.C. § 1332(a)(1).

## IV. THE OTHER PREREQUISITES FOR REMOVAL HAVE BEEN SATISFIED.

23. Plaintiff's State Court Action, which was commenced in the Superior Court of the State of Washington, Klickitat County, may be removed to the United States District Court for the Eastern District of Washington because it is the federal district court which embraces Klickitat County within its jurisdiction.

24. This Notice of Removal is timely filed. *See* 28 U.S.C. § 1446(b).

25. Defendant will promptly serve Plaintiff, informing Plaintiff that this matter has been removed to federal court, and a copy of the Notice of Removal is being filed with the

NOTICE OF REMOVAL TO FEDERAL COURT- 7

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

021670.0109/8968310.1

Clerk of the Superior Court for the State of Washington, Klickitat County, pursuant to 28 U.S.C. § 1446(b).

26. By filing a Notice of Removal in this matter, Defendant does not waive its right to assert any and all defenses and/or objections in this case.

WHEREFORE, Defendant respectfully requests that the above-captioned action pending against it in the Superior Court of the State of Washington, Klickitat County, be removed therefrom to this Court for further proceedings.

DATED this 17th day of May, 2022.

LANE POWELL PC

By   *s/ Tim D. Wackerbarth*
Tim D. Wackerbarth, WSBA No. 13673
wackerbartht@lanepowell.com
Andrew G. Yates, WSBA No. 34239
yatesa@lanepowell.com
Katie Bass, WSBA No. 51369
bassk@lanepowell.com
1420 Fifth Avenue, Suite 4200
P.O. Box 91302
Seattle, WA 98111-9402
Phone: (206) 223-7000
Fax: (206) 223-7107

*Attorneys for Defendant New York Life Insurance Company*

NOTICE OF REMOVAL TO FEDERAL COURT- 8

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000  FAX: 206.223.7107

021670.0109/8968310.1

# **CERTIFICATE OF SERVICE**

I hereby certify that on May 17, 2022, I caused to be served a copy of the foregoing **NOTICE OF REMOVAL TO FEDERAL COURT** on the following person(s) in the manner indicated below at the following address(es):

Steven W. Seymour
SAMUELS YOELIN KANTOR LLP
111 S.W. 5th Ave., Suite 3800
Portland, Oregon 97204
Phone: (503) 226-2966
Fax: (503) 222- 2937
sws@samuelslaw.com

Michael C. Subit
FRANK FREED SUBMIT & THOMAS LLP
705 Second Avenue Suite 1200
Seattle, WA 98104
Phone: (206) 682-6711
Fax: (206) 682-0401
msubit@frankfreed.com

- ☑ by **CM/ECF**
- ☑ by **Electronic Mail**
- ☐ by **Facsimile Transmission**
- ☐ by **First Class Mail**
- ☐ by **Hand Delivery**
- ☐ by **Overnight Delivery**

*s/ Alisa R. Flabel*
Alisa R. Flabel

NOTICE OF REMOVAL TO FEDERAL COURT- 9

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000  FAX: 206.223.7107

021670.0109/8968310.1